YOUNG, Respondent, vs. CAMDEN COUNTY, Appellant.

1. The fourth and fifth sections of article three of the act concerning county treasuries, (R. C. 1845,) prescribing the form of county warrants, are merely directory. A departure from the form prescribed is no defence to an action on the warrant.

*Appeal from Camden Circuit Court.*

*Gardenhire,* for appellant. The instrument sued upon as a warrant is not written or printed in Roman letters without ornament, nor is it in the form prescribed by statute, and the county court had no authority to issue it.

*Parsons,* for respondent. The statute prescribing the form of county warrants, and prohibiting the use of ornaments, is merely directory.

GAMBLE, Judge, delivered the opinion of the court.

Young commenced a civil action against Camden county, upon a county warrant. The county demurred to the petition, and the demurrer was overruled, and judgment was given for the plaintiff.

1. The county insists that the demurrer ought to have been sustained, because the warrant was printed upon paper with ornaments at one or both ends, when the act regulating county

treasuries, (R. C. 311, sec 5,) requires that county warrants shall be written or printed in roman letters, without ornament, and also because the warrant, in addition to the words which are contained in the form given in the fourth section of the same act, contained other words of contract.

The provisions of the act which have been relied upon by the counsel for the county, are directory to the county courts in issuing warrants, and the chief design of those enactments was, to prevent the making of paper by county courts which could be used as a circulating medium, having the appearance of ordinary bank paper. When a party, like the present plaintiff, has performed labor, or rendered services to the county, and holds a warrant issued upon the treasury of the county by the county court, his claim to the money is not affected by the taste of the court in ornamenting their warrants, although they are forbidden to use such ornaments by the act. The words of the warrant have the same meaning, and import the same obligation, whether the ends of the paper upon which it is printed have ornaments or not.

And so as to the other point, the insertion of other words in the warrant, beside those in the form, as in the present case, containing stipulations about interest, if the principal was not paid, do not vitiate the warrant. The words prescribed by the statute are there, and the other words do not destroy their effect.

The demurrer was properly overruled, and the judgment is, with the concurrence of the other judges, affirmed.